# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-20046-3-STA |
| | ) | |
| NOVELLA BEARD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT AND MOTION FOR JAIL CREDIT

On December 29, 2014, January 20, 2015, and January 27, 2015, Defendant Novella Beard, Bureau of Prisons (BOP) registration number 25721-076, addressed separate letters to the Court (ECF Nos. 106, 107, 108), requesting that the Court amend the judgment against her to reflect credit for time served. The Court will construe Defendant's letters as a *pro se* motion to amend the judgment and motion for jail credit. The government has not responded to any of the letters.

On February 19, 2013, a federal grand jury returned an indictment charging Defendant and two co-defendants with one count of conspiring to commit bank fraud in violation of 18 U.S.C. § 371, three counts of bank fraud in violation of 18 U.S.C. § 1344(2), and one count of fraud in connection with identification documents in violation of 18 U.S.C. § 1028(a)(7). On August 22, 2013, pursuant to a plea agreement between the parties, the United States Magistrate Judge accepted Defendant's change of plea as to the conspiracy count (count 1), one of the bank fraud counts (count 9), and the count of fraud in connection with identification documents (count 12). On December 19,

2013, the Court entered its judgment sentencing Defendant to "42 Months. [42 Months as to Counts 1, 9, 12, to be served Concurrently. (52 Months minus 10 Months credit for time served, for an effective sentence of 42 Months.)]." Defendant's term of incarceration was to be followed by four years supervised release. The Court further ordered Defendant to make restitution in the amount of $7,590.07.

In the Motion before the Court, Defendant requests that the Court amend its judgment to give her credit for time served. Defendants states that she had already served 10 months in the custody of the Mississippi Department of Corrections ("MDOC") at the time she was taken into federal custody. At sentencing this Court granted Defendant's motion to receive credit for 10 months she had served. The 10 months' credit represented time served in Mississippi between May 3, 2012, when she began serving her sentence in Mississippi, and March 4, 2013, when she was transferred to the custody of the United States Marshall to face federal charges in this District. The Court sentenced Defendant on December 19, 2013, and Defendant remained in federal custody until February 14, 2014, when she was remanded back to the custody of MDOC. Apparently Defendant has now completed her term of incarceration in Mississippi and is once again in federal custody to serve her sentence in the case at bar. According to Defendant, both MDOC and the BOP have refused to credit her for the 11 months and 10 days she served in federal custody from March 4, 2013, through February 14, 2014. Defendant moves the Court to amend the judgment to clarify these credits and also to send her a copy of her "J.N.C. file."

The Court finds that Defendant's Motion is not well-taken and must therefore be denied. A district court may modify a defendant's sentence after judgment has been entered only if modification

is permitted by statute.[1] Defendant has cited no circumstance which would allow the Court to amend the judgment against her. Defendant essentially seeks a court order awarding her credit for time served. The commencement and calculation of the term of incarceration of a federal prisoner, including any award of credits, is controlled by 18 U.S.C. § 3585, which states as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.[2]

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). The determination of whether a defendant is entitled to credit under § 3585 for time served is reserved for the Attorney General of United States and the Bureau of Prisons.[3] Defendant is required to exhaust her administrative remedies through the BOP before she may petition the district court to review any administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, 28 C.F.R. §§ 542.10–542.16 (1997), and, when she has exhausted all administrative remedies, she may

---

[1] *United States v. Ross,* 245 F.3d 577, 586 (6th Cir. 2001).

[2] 18 U.S.C. § 3585.

[3] *United States v. Wilson,* 503 U.S. 329, 333 (1992); *see also United States v. Lytle*, 565 F. App'x 386 (6th Cir. 2014) (citing *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)).

then seek judicial relief pursuant to 28 U.S.C. § 2241.[4] Defendant has not shown that she has pursued her administrative remedies with the BOP as required. Therefore, Defendant's Motion is **DENIED** without prejudice to her right to submit a petition pursuant to 28 U.S.C. § 2241 once she has exhausted her administrative remedies. The Clerk is directed to mail a copy of this order to Defendant at the mailing address included with her recent filings.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 6, 2015.

---

[4] *Wilson,* 503 U.S. at 333.